BRAD D. BRIAN (State Bar No. 79001)
brad.brian@mto.com
MICHAEL R. DOYEN (State Bar No. 119687)
michael.doyen@mto.com
DANIEL B. LEVIN (State Bar No. 226044)
daniel.levin@mto.com
BETHANY W. KRISTOVICH (State Bar No. 241891)
bethany.kristovich@mto.com
JOHN M. GILDERSLEEVE (State Bar No. 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 683-5180

Attorneys for Defendants
MGM RESORTS INTERNATIONAL,
MANDALAY BAY, LLC, and MGM
RESORTS FESTIVAL GROUNDS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA RAMIREZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MGM RESORTS INTERNATIONAL, et al.,<br><br>　　　　Defendants. | Case No.: LACV18-05564 JAK (FFMx)<br><br>**JOINT RULE 16(b)/26(f) REPORT**<br><br>Date:　July 17, 2018<br>Time:　1:30 p.m.<br>Ctrm:　10B<br>Judge:　Hon. John A. Kronstadt |

Pursuant to the Court's July 5, 2018 Order, Plaintiffs and Defendants jointly submit this Rule 16(b)/26(f) Report.

### A. Statement of the Case

This action arises from the tragic mass shooting at the Route 91 Harvest festival in Las Vegas, Nevada on October 1, 2017.

<u>Plaintiffs' Statement</u>

On July 3, 2018, plaintiffs asked defendants to stipulate to dismissal of this action so that it could be properly filed in Nevada state court, but defendants refused. As such, plaintiffs will be filing a motion to dismiss on July 13, 2018.

Olga Ramirez and Justin Bowles ("Plaintiffs") were attendees at the Route 91 Harvest festival when Stephen Paddock opened fire into a crowd of people, resulting in the deaths of fifty-eight (58) people and injuries to thousands more, including Plaintiffs. Ms. Ramirez sustained a gunshot wound to her back and, along with Mr. Bowles, sustained severe emotional distress as a result of being involved in the horrific event. As a result, Plaintiffs underwent medical care. Plaintiffs filed a Complaint in Los Angeles Superior Court on January 25, 2018 alleging negligence theories.

Since the time of filing, Plaintiffs have learned that there is an organized group of plaintiffs' counsel working for the victims of the shooting and that they intend to file all of the cases in Nevada state court. The first case removed on the SAFETY Act is currently pending in the District of Nevada with a motion to remand filed and pending. (*See* Pls.' Exhibit B Motion to Remand) Plaintiffs have further learned that some additional information has come to light that is being addressed in the Nevada case. (*See* Pls.' Exhibit C Motion for Extension). Investigation has shown that the proper defendants are Nevada residents. Therefore, Plaintiffs plan to move to dismiss this case without prejudice and re-file it in Nevada state court. Alternatively, Plaintiffs respectfully request that either this case be stayed while the motion to remand based on the SAFETY Act is decided in the District of Nevada or

that this case be transferred to the District of Nevada.

Defendants' Statement

Forty lawsuits, on behalf of 634 individuals, have been filed to date against Defendants, or a combination thereof, alleging personal injury, death, or emotional distress from Paddock's extraordinary crime. As plaintiffs continue to shop for a preferred forum, 36 of the lawsuits have been voluntarily dismissed with intention to re-file, leaving three actions currently in this Court and one action in Nevada federal court.[1] Defendants expect many more actions to be filed (or re-filed), as Defendants have received hold letters from counsel purporting to represent 2549 individuals.

The negligence claims asserted by these many Plaintiffs are meritless, as Defendants respectfully suggest will be clear once this Court, or any court, considers them. *First*, they are barred by federal law. After the tragic events of September 11, 2001, Congress enacted the Support Anti-terrorism by Fostering Effective Technologies Act of 2002, 6 U.S.C. § 441 *et seq.* ("SAFETY Act"), which provides for exclusive federal jurisdiction over "all actions for any claim for … personal injury, or death" arising from acts of mass violence where technologies or services certified by the U.S. Department of Homeland Security were used to prevent or respond to mass violence. *Id.* § 442(a)(1).

The SAFETY Act provides that "[t]here shall exist *only one cause of action*" for such injuries, and that it "may be brought *only against the Seller* [of the certified technologies or services] … *and may not be brought against … any other person or entity*." 6 C.F.R. § 25.7(d) (emphasis added). Contemporary Services Corporation ("CSC") was the Security Vendor at the festival and used its DHS-certified services; it therefore is the only proper defendant on these claims. Plaintiffs in this action have recently dismissed CSC in a futile effort to avoid the statutory bar on their

---

[1] Plaintiffs attach to this report *86 pages* of plaintiff-side briefing and exhibits from the Nevada action, including a request for an extension to respond to a motion to dismiss and a motion to which the opposition has not yet been filed. Defendants object to Plaintiffs' misuse of this report and decline to burden the Court with further such exhibits, but can do so at the Court's request.

claims, but the law is clear that dismissal of the only possible defendant does not create liability on the part of others.

*Second*, Plaintiffs' negligence claims against Defendants fail as a matter of law. Paddock's shocking, meticulously planned assault was not reasonably foreseeable as a matter of law and breaks any possible chain of legal causation. Courts have rejected similar negligence claims against premises owners after other mass shootings and acts of extraordinary criminal violence by third parties. Even without the SAFETY Act, basic principles of tort law foreclose Plaintiffs' claims.

### B. Subject Matter Jurisdiction

Plaintiffs' Statement

Plaintiff respectfully contends that the appropriate venue is in Nevada state court. In response to Plaintiffs' state court complaint, Defendants noticed removal based upon the "SAFETY Act," that was not intended to protect Defendants or encompass allegations like those asserted by Plaintiffs. The first case removed on the SAFETY Act is currently pending in the District of Nevada and there is motion to remand filed and currently pending.

Defendants' Statement

This Court has original and exclusive subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the SAFETY Act, 6 U.S.C. § 441 *et seq*.

### C. Legal Issues

The key legal issues include the following:

    a. Whether Defendants properly removed the case;

    b. Whether Plaintiffs' claims are barred by the SAFETY Act;

    c. Whether, if Plaintiffs' claims were not barred by the SAFETY Act, Plaintiffs could prove the elements of their negligence claim, namely, that Defendants breached a duty of care; that such a breach was the legal cause of the injuries Plaintiffs suffered; and that Plaintiffs suffered cognizable damages.

### D. Parties, and Non-Party Witnesses

The parties are Plaintiffs Olga Ramirez and Justin Bowles; and Defendants MGM Resorts International, Mandalay Bay, LLC (f/k/a Mandalay Corp.), and MGM Resorts Festival Grounds, LLC.  MGM Resorts International is the publicly traded parent company of the latter two defendants.  Plaintiffs have just dismissed the other defendants:  Live Nation Entertainment, Inc., Live Nation Group d/b/a OneNationGroup, LLC, and Contemporary Services Corporation.

Plaintiffs intend to call as witnesses, Plaintiffs, other parties, other percipient witnesses whose identities will be determined through discovery, Defendants' designated corporate representatives and other fact witnesses whose identities will be determined through fact discovery, and expert witnesses who have not been identified at this time.

Defendants intend to call as witnesses Plaintiffs, other fact witnesses whose identities will be determined through fact discovery, and expert witnesses who have not been identified at this time.

### E. Damages

Plaintiffs' Statement

Plaintiffs seek monetary damages based on the contention that negligence of the Defendants was the legal cause of their injuries and damages. Plaintiffs also seek punitive damages subject to proof. Plaintiffs' calculation of damages will be determined during the course of discovery and may be subject to expert analysis.

Defendants' Statement

The SAFETY Act limits any damages recovery for personal-injury or death claims arising from the mass shooting in several respects, including limiting the total recovery to the amount of *CSC's* federally-mandated insurance coverage.  6 U.S.C. § 443.  Even setting aside the statutory limits on damages, any calculation of the realistic range of Plaintiffs' claimed damages is premature because evidence

relevant to such calculation will be produced in the course of fact discovery and may be subject to expert analysis.

### F. Insurance

In the event that Defendants incur any liability, Defendants have insurance coverage as to which the insurance carriers have not expressed any reservation of rights or coverage defenses that indicate they dispute coverage.

### G. Motions

Plaintiffs' Statement

Plaintiff intends on filing a Motion for an Order of Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2). Parties have met and conferred as to the issue of Plaintiff's Motion for an Order of Dismissal Without Prejudice and requested a stipulation to a Dismissal without prejudice, so that Plaintiff could file in Nevada state court. Defendant denied the request for stipulation and the motion will be filed on Friday, July 13, 2018, the earliest date permitted by Federal Rules.

Defendants' Statement

On June 29, 2018, Defendants filed a motion to dismiss the Complaint.[2] The Court has set this motion for a hearing on October 1, 2018. In addition, Defendants anticipate filing, at the earliest appropriate time, a motion for summary judgment based on the protections of the SAFETY Act.

Defendants oppose any effort by Plaintiffs to continue in the forum-shopping that has characterized this litigation—with 36 voluntarily dismissed lawsuits—plus dismissal of defendants in attempts to avoid federal jurisdiction and the application of the SAFETY Act, a critical issue of first impression under federal law.

---

[2] Because Defendants have filed an Answer, the motion is properly considered under the identical standard of Federal Rule of Civil Procedure 12(c). *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

**H. Manual for Complex Litigation**

Plaintiffs' Statement

JPML transfer is not appropriate because there is no pending multi-district litigation. Nor would there be any reason for an MDL in this case. Plaintiffs will be dismissing their case and refiling in Nevada state court against the Nevada defendants.

Defendants' Statement

Defendants presently intend to move to consolidate this action and the other actions pursuant to 28 U.S.C. § 1407 (multidistrict litigation). Defendants believe that this Court would be an appropriate transferee court, although we understand that decision will be in the discretion of the Judicial Panel on Multidistrict Litigation. If the actions are not consolidated before one district court, or if they are consolidated before this Court, Defendants believe that it will be appropriate to consider and adopt certain procedures from the Manual for Complex Litigation, such as those relating to aggregating actions across districts, appointing lead counsel for plaintiffs, streamlining motion practice on common issues, phasing discovery (including by limiting initial discovery to matters relating to the SAFETY Act), preventing duplicative discovery, and potentially bifurcating any trial. Defendants believe that it would benefit the parties and the Court to brief these complex matters of case management separately, and before any discovery begins.

**I. Status of Discovery**

The parties have not undertaken discovery.

**J. Discovery Plan**

Plaintiffs' Statement

Plaintiff contends that discovery should proceed once this Court has ruled on Plaintiff's motion to dismiss and the jurisdictional issue over this matter and believes that Nevada state court is the appropriate venue.

1  Plaintiff intends to perform written discovery and depositions in accordance
2  with Federal Rules of Civil Procedure. Plaintiff disputes that any discovery should
3  be limited to issues pertaining to the application of the SAFETY Act. Plaintiff is
4  entitled to perform all necessary discovery in the preparation of opposing any
5  dispositive motions and Trial.

6  <u>Defendants' Statement</u>

7  Defendants believe that the initial phase of discovery should be limited solely
8  to issues pertaining to the application of the SAFETY Act.  Defendants expect that
9  this initial discovery would confirm the role of CSC—the Security Vendor, recently
10 dismissed by Plaintiffs—in managing security operations at the festival, including
11 its deployment of services certified by the Department of Homeland Security to
12 prevent and respond to acts of mass violence.

13 Under the SAFETY Act, CSC's deployment of such certified services creates
14 exclusive federal jurisdiction and, as a matter of federal law, bars personal-injury
15 and death claims against any entity other than CSC.  Applying the SAFETY Act to
16 this action would be a dispositive, threshold matter.  This is the first time in history
17 that an act of mass violence occurred where services certified by the Department of
18 Homeland Security were deployed, and the application of the Act therefore
19 represents a matter of first impression.

20 Defendants respectfully submit that discovery should be structured such that
21 discovery bearing on the SAFETY Act is advanced and expedited in order to allow
22 for an early motion for summary judgment under the SAFETY Act.

23 Prioritizing SAFETY Act discovery will cause no prejudice or delay because
24 discovery concerning security at the festival site will be part of any broader merits
25 discovery in any event.  And, prioritizing SAFETY Act discovery will promote
26 efficiency for the additional reason that such discovery is relevant to all actions
27 against Defendants—including the action in Nevada federal court—and will be
28 relevant to all future actions that are filed.  This approach therefore will allow the

Court to defer consideration of how best to coordinate discovery across multiple actions in different jurisdictions. Moreover, discovery into these limited issues also may conserve resources because broader discovery will be unnecessary if the Court grants Defendants' pending motion for judgment on the pleadings.[3]

### K. Discovery Cut-Off

<u>Plaintiffs' Statement</u>

Plaintiffs contend that Nevada state court is the appropriate venue and that discovery will not need to proceed in the federal court.

<u>Defendants' Statement</u>

As set forth above, Defendants believe that initial discovery should be limited solely to issues relating to application of the SAFETY Act. Defendants propose that such SAFETY Act discovery be completed by December 31, 2018. Defendants believe that any broader merits discovery will be unnecessary because Plaintiffs' claims are barred by federal law, which creates significant uncertainty regarding the current state of the litigation. That actions are pending in multiple jurisdictions, and that many more actions may be filed, adds to this uncertainty. With these caveats, however, and because the Court has requested a proposal, Defendants propose that, if discovery were to proceed beyond the SAFETY Act issues, all fact discovery should be completed by October 28, 2019.

### L. Expert Discovery

<u>Plaintiffs' Statement</u>

Plaintiffs contend that Nevada state court is the appropriate venue and that discovery will not need to proceed in the federal court.

<u>Defendants' Statement</u>

Assuming that this action proceeds to expert discovery, with the same caveats as above, Defendants propose January 6, 2020 as the date for initial expert witness

---

[3] For these reasons, Defendants state pursuant to Federal Rule of Civil Procedure 26(a)(1)(C) that initial disclosures are not appropriate at this time.

disclosures, February 17, 2020 as the date for rebuttal expert witness disclosures, and March 30, 2020 as the expert discovery cut-off.

### M. Dispositive Motions

Plaintiffs' Statement

Plaintiffs contend that Nevada state court is the appropriate venue. Plaintiffs nevertheless intend to oppose Defendants' dispositive motions when filed.

Defendants' Statement

Defendants have filed a motion for judgment on the pleadings[4] on the grounds that the Complaint fails to state a negligence claim as a matter of California law.  In addition, Defendants anticipate filing a motion for summary judgment on the ground that Plaintiffs' claims are barred by the SAFETY Act.  If these motions are denied, Defendants anticipate filing additional summary-judgment and in limine motions, but it is premature now to describe the scope and subject matter of such motions.

### N. Settlement

The parties have not had settlement discussions.  As required by Local Rule 16-15.4, the parties choose ADR Procedure No. 3 (private dispute resolution).

Plaintiffs' Statement

Plaintiffs are not opposed to productive settlement discussions.

Defendants' Statement

Defendants believe that settlement discussions will not be productive because Plaintiffs' claims are barred by the SAFETY Act.  Congress created a federal cause of action against only one possible defendant (here, CSC) and precluded all claims against any other person or entity.  Rather than recognize what the statute provides, Plaintiffs filed this action in state court and have recently dismissed CSC in an attempt to avoid the inevitable outcome.  The SAFETY Act and associated regulations make clear that asserting claims against defendants *other than* CSC does

---

[4] As noted above, because Defendants have filed an Answer, the motion to dismiss properly is considered a motion for judgment on the pleadings.

not evade application of the statute, and that preventing such claims was the purpose of the SAFETY Act. Even setting aside the importance of rulings on Defendants' early, dispositive motions, any discussion of settlement necessarily is premature in light of the numerous potential plaintiffs not before the Court (because they filed and dismissed with the intent to re-file, or sent hold letters indicating only an intent to file). Defendants do not believe that piecemeal mediation of claims subject to dismissal on multiple grounds will be productive.

### O. Trial Estimate

As stated above, Plaintiff believes that the appropriate venue is Nevada state court. Plaintiff's estimate a three (3) to four (4) week jury trial.

As stated above, Defendants believe the case should be dismissed in response to their dispositive motions. If those motions were to be denied, Defendants estimate that any trial of these actions will require at least 32 court days. Defendants cannot yet identify the witnesses they intend to call at trial, but expect the number of witnesses called by the defense would be at least 30-40.

### P. Trial Counsel

Plaintiffs will be represented at trial by Walter J. Lack and Christopher A. Kanne. Lead trial counsel will be Walter J. Lack.

Defendants will be represented at trial by Brad D. Brian, Michael R. Doyen, Daniel B. Levin, Bethany W. Kristovich, and John M. Gildersleeve of Munger, Tolles & Olson LLP. Lead trial counsel will be Brad D. Brian.

### Q. Independent Expert or Master

The parties agree that the Court need not consider appointing a Master pursuant to Rule 53 or an independent scientific expert at this time.

### R. Timetable

Attached as **Exhibit A** is the completed Schedule of Pretrial and Trial Dates for Civil Cases.

As set forth above, Defendants believe that discovery regarding the SAFETY Act should be advanced and expedited, that discovery should be coordinated with discovery in all related actions, and that discovery into broader merits issues will prove unnecessary. Nonetheless, with these caveats, Defendants have proposed pretrial and trial dates above as directed by the Court.

### S. Other Issues

Plaintiffs' Statement

Plaintiffs do not offer any other issues at this time, except for the issues already contained in this Joint Report.

Defendants' Statement

Defendants have described above the most pressing issue affecting the status or management of this action—namely, the need to coordinate motion practice and discovery on a critical issue of first impression, the application of the SAFETY Act under federal law. Defendants also note that this litigation poses complex questions of case management across multiple jurisdictions, such as ensuring that Defendants are not subjected to duplicative discovery. Defendants presently intend to seek consolidation by the Judicial Panel on Multidistrict Litigation.

Defendants appreciate the opportunity to discuss these and other issues with Plaintiffs and the Court in greater detail at the status conference.

### T. Patent Cases

Not applicable.

### U. Whether the Parties Wish to Have a Magistrate Judge Preside

The parties do not wish to have a Magistrate Judge preside.

| | |
|---|---|
| DATED: July 10, 2018 | ENGSTROM, LIPSCOMB & LACK<br>　WALTER J. LACK<br>　CHRISTOPHER A. KANNE<br>　10100 Santa Monica Blvd., 12th Floor<br>　Los Angeles, California 90067-4113<br>　Telephone: (310) 552-3800<br>　Facsimile: (310) 552-9434<br>　ckanne@elllaw.com<br><br>VITITOE LAW GROUP, P.C.<br>　JAMES W. VITITOE<br>　5707 Corsa Avenue, 2nd Floor<br>　Westlake Village, California 91362<br>　Telephone: (818) 991-8900<br><br>By:　　*/s/ Christopher A. Kanne*<br>　　　CHRISTOPHER A. KANNE<br><br>Attorneys for Plaintiffs |
| DATED: July 10, 2018 | MUNGER, TOLLES & OLSON LLP<br>　BRAD D. BRIAN<br>　MICHAEL R. DOYEN<br>　DANIEL B. LEVIN<br>　BETHANY W. KRISTOVICH<br>　JOHN M. GILDERSLEEVE<br>　350 South Grand Avenue, 50th Floor<br>　Los Angeles, California 90071-3426<br>　Telephone:　(213) 683-9100<br>　Facsimile:　(213) 687-3702<br>　brad.brian@mto.com<br><br>By:　　*/s/ Brad D. Brian*<br>　　　BRAD D. BRIAN<br><br>Attorneys for Defendants |

Pursuant to Local Rule 5-4.3.4, I, Brad D. Brian attest that the above signatory has authorized this filing and concurs in its content.